**DOCKETED**

**FILED-W** SEP 18 2001

2001 SEP 18 PM 4: 11

CLERK
U. S. DISTRICT COURT

UNITED STATES DISTRICT OF COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF ILLINOIS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROCKFORD, ILLINOIS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 98C50026<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## UNITED STATES' MOTION TO ENTER PROPOSED SECOND AMENDMENT TO THE CONSENT DECREE

The United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), hereby moves this Court for entry of the proposed Second Amendment to the Consent Decree in this action under the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. § 9601 et seq. ("CERCLA"). The United States, the State of Illinois and the City of Rockford, Illinois entered into the proposed Second Amendment to the Consent Decree relating to the Southeast Rockford Groundwater Superfund Site in Rockford, Illinois. The Second Amendment to the Consent Decree was lodged with this Court on July 11, 2001.

The United States Department of Justice published notice of the lodging of this Second Amendment to the Decree on July 19, 2001, and provided an opportunity for public comment on the proposed Second Amendment to the Consent Decree for a period of thirty days. (66 Fed. Reg. 37707). The comment period has expired, and the United States received no comments on the proposed Second Amendment to the Decree.



WHEREFORE, for the reasons stated in the accompanying memorandum, and because the settlement is fair, reasonable and consistent with the purposes of CERCLA, the United States requests the Court to enter the proposed Second Amendment to the Consent Decree as a final judgment.

                              Respectfully submitted,

                              JOHN C. CRUDEN
                              Acting Assistant Attorney General
                              Environment and Natural Resources Division

By: _____
        MARY REED
        FRANCIS J. BIROS
        Trial Attorneys
        Environmental Enforcement Section
        U. S. Department of Justice
        Post Office Box 7611, Ben Franklin Station
        Washington, D.C. 20044-7611

        PATRICK J. FITZGERALD
        United States Attorney
        Northern District of Illinois

By: _____
        KEITH C. SYFERT
        Assistant United States Attorney
        Northern District of Illinois
        Western Division
        308 West State Street, Suite 300
        Rockford, IL 61101
        (815) 987-4444

OF COUNSEL:
THOMAS TURNER
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 West Jackson Blvd.
Chicago, Illinois 60604

DOCKETED
SEP 18 2001

UNITED STATES DISTRICT OF COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED-WD
SEP 18 PM 4: 24
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) |
| Plaintiffs, | ) ) ) CIVIL ACTION NO. 98C50026 |
| v. | ) ) |
| CITY OF ROCKFORD, ILLINOIS, | ) ) |
| Defendant. | ) ) ) |

### MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO ENTER PROPOSED SECOND AMENDMENT TO THE CONSENT DECREE

I.   INTRODUCTION

The United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), submits this memorandum in support of its motion to enter the proposed Second Amendment to the Consent Decree. This is a civil action under Sections 106(a) and 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606(a) and 9607(a), for injunctive relief to implement a groundwater operable unit Record of Decision ("ROD") issued on September 30, 1995, and for recovery of response costs incurred and to be incurred at the Southeast Rockford Groundwater Superfund Site in Rockford, Illinois (the "Site"). The proposed Second Amendment to the Consent Decree in this matter was lodged with the Court on July 11, 2001.

II. THE PROPOSED SECOND AMENDMENT TO THE CONSENT DECREE

The original Consent Decree in this case, entered by the Court on April 8, 1998, resolved claims in this case against the City of Rockford (the "City") and provided for the implementation

by the City of the groundwater remedial action selected by EPA in its ROD. The City has been implementing the agreed upon remedial action. An Amended Consent Decree was entered by the Court on or about January 13, 1999. In that Amended Consent Decree, the City reaffirmed the terms and conditions of the original Consent Decree to perform the remedial action. In addition, the Amended Consent Decree provided for the reimbursement of past costs incurred by the Plaintiffs, and the payment of future costs for "Area 7" source control at the Site, and resolved additional claims of Plaintiffs against the City and certain Covenant Beneficiaries – City of Rockford businesses – in connection with the Site. As specified in the Amended Consent Decree, the City of Rockford and Covenant Beneficiaries received covenants not to sue and contribution protection.

The proposed Second Amendment to the Consent Decree modifies the Amended Consent Decree by adding eleven Covenant Beneficiaries who will participate in the settlement by paying an aggregate total of $142,001.59 to the City of Rockford to be paid to the United States and the State of Illinois, and by executing and transmitting Covenant Beneficiary Forms. The added Covenant Beneficiaries will receive the identical covenants not to sue and contribution protection provided such parties in the Amended Consent Decree. All other provisions of the Amended Consent Decree and original Consent Decree not modified by the Second Amendment to the Consent Decree remain in full force and effect.

Pursuant to United States Department of Justice policy, the public was provided notice of the lodging of the proposed Consent Decree on July 19, 2001, and an opportunity to comment on the Decree for a period of thirty (30) days. 66 *Fed. Reg.* 37707-8 (July 19, 2001). The United States reserves the right to withdraw or withhold its consent to a proposed judgment if the

comments, views and allegations concerning the judgment disclose facts or considerations which indicate that the proposed judgment is inappropriate, improper or inadequate. The public comment period has expired, and the United States received no comments on the proposed Consent Decree. The United States has determined that the Second Amendment to the Consent Decree is fair, reasonable, and consistent with the purposes of CERCLA. Accordingly, the United States moves this Court to approve and enter the proposed Second Amendment to the Consent Decree as a final judgment.

### III. JUDICIAL REVIEW OF CONSENT DECREES IN CERCLA CASES

Approval of a consent decree is a judicial act that is committed to the informed discretion of the trial court. *Madison County Jail Inmates v. Thompson*, 773 F.2d 834, 845 (7th Cir. 1985); *see also United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991). Courts, however, exercise this discretion in a limited and deferential manner, as the process of negotiation is normally not subject to judicial review. *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348 (6th Cir. 1986); *see also Mars Steel v. Continental Ill. National Bank and Trust*, 834 F.2d 677, 681 (7th Cir. 1987); *Airline Stewards v. American Airlines*, 573 F.2d 960, 963 (7th Cir. 1978), *cert. denied*, 439 U.S. 876; *United States v. Mid-State Disposal, Inc.*, 131 F.R.D. 573, 577 (W.D. Wis. 1990).

In general, the law and public policy strongly favor settlements of disputes without litigation. *Metropolitan Housing Development Co. v. Village of Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir. 1980); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir.), *cert. denied*, 429 U.S. 862 (1976); *Donovan v. Robbins*, 752 F.2d 1176-77 (7th Cir. 1985). Settlements conserve the resources of the courts, the litigants, and the taxpayers and "should . . .

be upheld whenever equitable and policy considerations so permit." *Aro Corp.*, 531 F.2d at 1372; *Airline Stewards*, 573 F.2d at 963; *E.E.O.C. v. Hiram Walker & Sons*, 768 F.2d 884, 888-89 (7th Cir. 1985) *cert. denied*, 478 U.S. 1004 (1986). The courts have recognized that settlements are particularly useful for the government because they "maximize[] the effectiveness of limited law enforcement resources" by permitting the government to obtain compliance with the law without lengthy litigation. *United States v. City of Jackson*, 519 F.2d 1147, 1151 (5th Cir. 1975); *see also United States v. Hooker Chemical & Plastics Corp.*, 540 F.Supp. 1067, 1079-80 (W.D.N.Y. 1982).

Public policy favoring settlements "has particular force where, as here, a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement." *United States v. Cannons Engineering*, 899 F.2d 79, 84 (1st Cir. 1990); *see also City of New York v. Exxon Corp.*, 697 F.Supp. 677, 692 (S.D.N.Y. 1988) (presumption of validity for settlement negotiated by agency whose mission furthers public interest). Moreover, "the district court must refrain from second-guessing the Executive Branch." *Cannons Engineering*, 899 F.2d at 82; *United States v. Nicolet, Inc.*, 30 Env't Rep. Cas. 2061, 2064 (E.D. Pa. 1989)("the balancing of competing interests affected by a proposed consent decree . . . must be left, in the first instance, to the discretion of the Attorney General.")(citations omitted); *see also United States v. Hercules*, 961 F.2d 796, 798 (8th Cir. 1992).

In reviewing CERCLA consent decrees, in particular, courts determine "not whether the settlement is one which the Court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute."

4

*Cannons Engineering*, 899 F.2d at 84; *see also Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *Akzo Coatings of America, Inc.*, 949 F.2d at 1435; *Kelly v. Thomas Solvent Co.*, 717 F.Supp. 507, 516 (W.D. Mich. 1989); *United States v. Seymour Recycling Corp.*, 554 F.Supp. 1334, 1337-38 (S.D. Ind. 1982); H.R. Rep. No. 253, Pt. 3, 99th Cong., 1st Sess. 19 (1985). The *Cannons Engineering* court noted that the legislative history supporting the Superfund Amendments and Reauthorization Act of 1986,

> makes pellucid that, when such consent decrees are forged, the trial court's review function is only to satisfy itself that the settlement is reasonable, fair and consistent with the purposes that CERCLA is intended to serve. H.R. No. 253, Part 3, 99th Cong., 1st Sess. 19 (1985). Reasonableness, fairness, and fidelity to the statute are, therefore, the horses which district judges must ride.

899 F.2d at 85. *See United States v. Hercules*, 961 F.2d at 800; *Akzo Coatings of America*, 949 F.2d at 1426; *United States v. Conservation Chemical Corp.*, 628 F.Supp. 391, 400 (W.D. Mo. 1985).

Thus, Congress and the courts have fashioned a three-part test under which a court should evaluate a proposed CERCLA settlement consisting of: (1) fairness, (2) reasonableness, and (3) consistency with CERCLA's goals. As demonstrated below, the proposed Second Amendment to the Consent Decree meets the three-part test for review of CERCLA settlements, and it should be entered by the Court.

### IV. THE PROPOSED SECOND AMENDMENT TO THE CONSENT DECREE IS FAIR, REASONABLE, AND CONSISTENT WITH THE GOALS AND PURPOSES OF CERCLA

The proposed Second Amendment to the Consent Decree is fair, reasonable, and consistent with public interest and the goals and purposes of CERCLA. This settlement provides that eleven added Covenant Beneficiaries will contribute a total of $142,001.59 toward the

Plaintiffs' past costs incurred, and certain future costs to be incurred in connection with source control, at the Site. The terms of settlement under this Second Amendment are identical to those provided to the Covenant Beneficiaries participating in the Amended Consent Decree previously entered by the Court. All provisions of the Amended Consent Decree, not modified by the Second Amendment to the Consent Decree, remain in full force and effect, and apply, as appropriate to the Parties, the Covenant Beneficiaries and the added Covenant Beneficiaries.

The added Covenant Beneficiaries, aware of the settlement entered previously by the governments and prior Covenant Beneficiaries, contacted the City of Rockford and requested participation in the settlement in order to benefit from the covenant not to sue and contribution protection provisions provided to previous settling participants, and thereby avoid potential multi-party litigation in connection with the Site. Because of their late participation, the eleven Covenant Beneficiaries, upon entry by the Court, will pay a small premium toward settlement in this case. As such, the settlement process was procedurally and substantively fair, both to the eleven additional Covenant Beneficiaries, as well as the settling parties participating in the Amended Consent Decree. *See Cannons Engineering*, 899 F.2d at 86.

The criterion of reasonableness includes examination of the technical adequacy of the remedy, adequate compensation to the public, and whether settlement, as opposed to litigation, is appropriate. *Cannons Engineering*, 899 F.2d at 89-90. In this case, the City will complete the groundwater remedial action and implement O&M at the Site selected by EPA and the State under the ROD that will be protective of public health and the environment. Terms of settlement with the City and the previous Covenant Beneficiaries have already been approved and entered by the Court. Moreover, the United States – as well as the State – will recover additional

portions of their response costs incurred and to be incurred at the Site and settlement in this case is preferable to litigation since the completion of the remedial action, O&M, and future source control response action can proceed more expeditiously. Therefore, the settlement is reasonable.

Finally, the settlement is consistent with the public interest and furthers the goals of CERCLA in important respects. First, the United States has not received any comments or objections to the Consent Decree in response to its invitation for public comment. Second, the settlement recovers additional funds for deposit in the Superfund that can be used to respond to releases, or threats of releases, of hazardous substances at other sites. In addition, a portion of the funds can be used to facilitate completion of a source control remedial action, and implementation of the associated O&M, at the Site. *See Thomas Solvent Co.*, 717 F.Supp. at 518; *Conservation Chemical Co.*, 628 F.Supp. at 403. Thus, the settlement assists the governments in cleaning up the environment under CERCLA. Also, the Second Amendment to the Consent Decree avoids extensive multi-party litigation for the added participating Covenant Beneficiaries, and thereby saves precious time and resources for all parties and the Court. The overall compromised amount of cost recovery by the United States in this case, somewhat reduced by the additional cost recovery afforded in this settlement, is justified taking into account the risk of litigation and the full, expeditious completion of the groundwater remedial action, and implementation of certain source control measures. Accordingly, the Court should enter the Consent Decree.

V. <u>CONCLUSION</u>

For the foregoing reasons, the United States submits that the proposed Second Amendment to the Consent Decree is fair, reasonable and consistent with the goals of CERCLA,

and, therefore, requests that the Second Amendment to the Consent Decree be approved and entered by the Court. In the absence of any timely responses in opposition to the United States' Motion to Enter the proposed Second Amendment to the Consent Decree, the United States requests that the Court enter the proposed Decree. A proposed Order is attached for the convenience of the Court.

Respectfully submitted,

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division

By: *[signature]*
MARY REED
FRANCIS J. BIROS
Trial Attorneys
Environmental Enforcement Section
U. S. Department of Justice
Post Office Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 514-2580

PATRICK J. FITZGERALD
United States Attorney
Northern District of Illinois

By: *[signature]*
KEITH C. SYPERT
Assistant United States Attorney
Northern District of Illinois
Western Division
308 West State Street, Suite 300
Rockford, IL 61101
(815) 987-4444

OF COUNSEL:

THOMAS TURNER
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 West Jackson Blvd.
Chicago, Illinois 60604

8

UNITED STATES DISTRICT OF COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF ILLINOIS, ) ) ) | |
| Plaintiffs, ) ) ) | CIVIL ACTION NO. 98C50026 |
| v. ) ) | |
| CITY OF ROCKFORD, ILLINOIS, ) ) | |
| Defendant. ) ) | |

## ORDER

The Court having considered the Motion of the United States for entry of a Second Amendment to the Consent Decree, adding eleven Covenant Beneficiaries to the settlement in this matter pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. § 9601 et seq., and being duly advised in the premises, it is hereby,

**ORDERED** that the Second Amendment to the Consent Decree, lodged with the Court on July 11, 2001, be and is hereby entered as a judgment of the Court.

**SO ORDERED THIS** _____ **DAY OF** _____, 2001.

_____
Philip G. Reinhard
United States District Judge
Northern District of Illinois
Western Division

UNITED STATES DISTRICT OF COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) |
| Plaintiffs, | ) ) ) CIVIL ACTION NO. 98C50026 |
| v. | ) ) |
| CITY OF ROCKFORD, ILLINOIS, | ) ) |
| Defendant. | ) ) ) |

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Plaintiff United States' Motion to Enter Proposed Second Amendment to the Consent Decree; Memorandum in Support of the Motion to Enter Proposed Second Amendment to the Consent Decree; Proposed Order; and Notice of Motion were sent by first class mail, postage prepaid, this 18th day of September 2001, to the City of Rockford, Illinois, and to counsel for the State of Illinois at the following:

**For the City -**

Ronald N. Schultz
Legal Director
Department of Law, City of Rockford
425 E. State Street
Rockford, IL 61104

**For the State of Illinois -**

Elizabeth Wallace
Assistant Attorney General
State of Illinois
100 W. Randolph Street, 11th floor
Chicago, IL 60601

KEITH C. SYFERT
Assistant United States Attorney
Northern District of Illinois

UNITED STATES DISTRICT OF COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF ILLINOIS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION NO. 98C50026<br>)<br>) |
| CITY OF ROCKFORD, ILLINOIS, | )<br>) |
| Defendant. | )<br>) |

## NOTICE OF MOTION

TO: SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on September 26, 2001, at 9:00 AM, or as soon thereafter as counsel may be heard, I will appear before United States District Judge Philip G. Reinhard in the courtroom usually occupied by him in the United States Courthouse, 211 South Court Street, Rockford, Illinois, or before such other judge who may be sitting in his place and stead, and then and there present:

**UNITED STATES' MOTION TO ENTER
PROPOSED SECOND AMENDMENT TO THE CONSENT DECREE**

at which time and place you may appear if you see fit.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

KEITH C. SYFERT
Assistant United States Attorney
308 West State Street, Room 300
Rockford, Illinois 61101
Telephone: 815-987-4444